***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Chief Deputy Commissioner Taylor and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full *Page 2 
Commission AFFIRMS with some modifications the Opinion and Award of the Chief Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Chief Deputy Commissioner as:
 STIPULATIONS
1. All parties were properly before the Commission, the Commission had jurisdiction at the time the contested Opinion and Awards were entered, and the Commission retained jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. The employer-employee relationship existed between [decedent Jose Garcia] and defendant-employer Southern Products Silica Company, Inc., prior to and on September 16, 2004.
5. The Montgomery Insurance Company is the carrier on the risk for defendant-employer.
6. The parties stipulated into evidence as Stipulated Exhibit 1 the following:
 • Plaintiff's Motion to Set Aside Order and Award, dated and served April 11, 2008, with exhibits.
 *********** EXHIBITS *Page 3 
The following exhibits were admitted at the hearing:
 • Plaintiff's Exhibit 1: December 10, 2004 letter to Deputy Commissioner Stephen Gheen from defense counsel Heidi Maske;
 • Plaintiff's Exhibit 2: October 5, 2004 letter to Tamatha Giddens Garcia from Ms. Maske;
 • Plaintiff's Exhibit 3: September 24, 2004 letter to Tammy Garcia from Montgomery Insurance;
 • Plaintiff's Exhibit 4: Richmond County Schools Referral for Alternative Education;
 • Plaintiff's Exhibit 5: Social Security Printout;
 • Defendants' Exhibit 1: Defendants' Request to Industrial Commission signed by Tamatha Giddens Garcia that she be recognized as the custodial parent and natural guardian of Chad Dwayne Giddens, Miranda Shay Spaulding and Joseph Armando Garcia.
In addition, the following prior Opinion and Awards are part of the evidence of record:
 • March 22, 2005 Opinion and Award by Deputy Commissioner Stephen T. Gheen;
 • December 7, 2006 Supplemental Opinion and Award by Deputy Commissioner Stephen T. Gheen;
 • May 24, 2007 Opinion and Award by Deputy Commissioner Chrystal Redding Stanback.
 *********** ISSUES *Page 4 
1. Whether the March 22, 2005, December 7, 2006 and May 24, 2007 Opinion and Awards previously entered in this matter should be set aside;
2. Should a separate guardian ad litem be appointed to protect the interests of the minor child; and
3. Is defendant-carrier estopped from recovery of any payments that should not have been paid to persons that were not dependents.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On September 16, 2004, Jose Palomino Garcia (hereafter "decedent") was employed by defendant-employer and earned an average weekly wage of $504.12, yielding a compensation rate of $336.10. Decedent sustained a compensable injury by accident resulting in his death on September 16, 2004.
2. Tamatha Giddens Garcia was married to decedent on September 4, 1991 and remained married to him at the time of his death on September 16, 2004.
3. Tamatha Garcia and decedent had one child born to the marriage, Joseph Armando Garcia, born December 23, 2003.
4. At the time of the death of decedent on September 16, 2004, Joseph Armando Garcia was a minor and resided in the home with decedent and Tamatha Giddens Garcia.
5. Ms. Garcia was informed of the death of decedent by a representative from defendant-carrier. *Page 5 
6. Ms. Garcia had two other children, Miranda Shay Spaulding, born November 28, 1988, and Chad Dwayne Giddens, born April 8, 1987. Neither Miranda Shay Spaulding nor Chad Dwayne Giddens were born to the marriage of decedent and Tamatha Garcia, and decedent was not the natural father of either Miranda Shay Spaulding or Chad Dwayne Giddens.
7. On September 16, 2004, Chad Dwayne Giddens was not residing in the home with decedent and Tamatha Garcia. Chad Dwayne Giddens resided at 506 Wagram Street, Laurinburg, North Carolina with his uncle and had been residing there approximately four months prior to the death of decedent.
8. On September 16, 2004 and for more than four months prior, decedent did not provide any financial support for Chad Dwayne Giddens. Chad Dwayne Giddens was not enrolled in school. He had quit school and was employed by Larry Locklear making cabinets. On September 16, 2004, Chad Dwayne Giddens was supporting himself. He dropped out of school in March 2004 to go to Richmond County Community College to obtain his GED. Thereafter, Chad Dwayne Giddens quit school and went to work for Mr. Locklear. From March 2004 through the time of his death on September 16, 2004, decedent was not providing any income or benefits to Chad Dwayne Giddens
9. Chad Dwayne Giddens was not substantially dependent upon decedent at the time of his death.
10. Miranda Shay Spaulding was born November 28, 1988 and lived in the home with decedent and Tamatha Garcia on September 16, 2004.
11. Miranda Shay Spaulding received Social Security disability benefits due to the disability of her biological father, Marshall Anthony Spaulding. Miranda Shay Spaulding began to receive those benefits in December 1988 shortly after she was born and those benefits terminated *Page 6 
in November 2006. During the time she received benefits, Miranda Shay Spaulding received approximately $485.00 per month. On September 16, 2004, Miranda Shay Spaulding was receiving $485.00 per month from Social Security and was not being supported by decedent.
12. Miranda Shay Spaulding was not substantially dependent upon decedent at the time of his death.
13. For the tax year of 2003, the three children of Tamatha Giddens Garcia were claimed as dependents on the tax returns for Tamatha Giddens Garcia and decedent. No 2004 tax return was submitted in this action, and there was no further evidence produced that indicated that decedent financially supported his stepchildren at the time of his death on September 16, 2004.
14. At the time of the death of decedent, Joseph Armando Garcia was approximately eight months old. As a matter of law, Joseph Armando Garcia could not have participated in the decision to settle his claim or whether or not to consent to the dependency of the minor step-children.
15. Joseph Armando Garcia was presumed a dependent and, indeed, was a dependent of decedent at the time of his death on September 16, 2004.
16. At no time during the pendency of the claim which led to the Opinion and Award entered on March 22, 2005 was Tamatha Garcia represented by counsel, nor were any of the referenced minor children represented by counsel.
17. On September 24, 2004, the adjuster for defendant-carrier wrote a letter to Tamatha Garcia which read in part:
 I understand you are the beneficiary of Mr. Garcia and you have 3 children that were dependent on him. In a good faith effort, and to provide for your needs prior to the decision from the North Carolina Industrial Commission, benefits are being issued to you and your children. I have calculated the wages and Mr. Garcia's *Page 7 average weekly wage was $504.17 and his compensation rage $336.13. As I have indicated to you the benefit check will be shared with your children. The compensation rate divided by four equals $84.03. I have issued the first check with rate of $334.26 and it should be $336.13. I will add $1.86 on the next check. Each week a check will be issued to you for these benefits until a final order is received from the NC Commission. The defendants will request a credit for the weeks paid prior to the order of the Industrial Commission. Your benefits have been calculated for your life expectancy using your date of birth. You will need to show that you are disabled as we discussed. The calculation is 42 years at $84.03 equals $183,528.80. Chad and Miranda will receive 400 weeks each at $84.03 equals $33,613.33. You will need to show they were dependent on Mr. Garcia. Joseph will collect to age 18 (as of 09/28/04 he is 40 weeks old). Therefore, he collects 17 years x 52 weeks plus 12, weeks (up to 1st birthday). 896 weeks at $84.03 equals $75,293.87. If you have any questions regarding this matter, please feel free to contact myself or our Attorney Heidi Maske at Hedrick Eatman Gardner and Kincheloe at 704-602-8001.
18. In a subsequent letter, dated October 5, 2004, counsel for the carrier wrote a letter requesting that Tamatha Garcia sign a motion for appointment of natural guardian and advised her that "as the custodial parent of these minor children [she] is the best choice for the appointment." However, no motion to appoint a guardian was filed with the Commission.
19. All correspondence, motions, pleadings and orders were prepared by defendant-carrier or its counsel. The correspondence and motions were attached with "yellow Post-It Notes" and "sign here" labels directing Tamatha Garcia to sign the documents. At no time did Tamatha Garcia draft or revise any of the correspondence, motions, pleadings and orders.
20. Tamatha Garcia did not obtain legal representation for herself or for any of the minor children until 2008.
21. Counsel for defendant-carrier wrote Tamatha Garcia a letter which said in part: "In order for benefits to be awarded by the North Carolina Industrial Commission to minor *Page 8 
children, a Guardian Ad Litem must be appointed. As the custodial parent of these minor children, you are the best choice for this appointment."
22. At the time of receipt of this letter and throughout the proceedings, Tamatha Garcia did not know what a guardian adlitem was, nor did she know the duties and responsibilities of being a guardian ad litem for her minor children.
23. No one discussed or explained to Tamatha Garcia the legal implications and duties of serving as guardian ad litem for Joseph Armando Garcia.
24. The amount of benefits available to Tamatha Garcia and her minor child, Joseph Armando Garcia, is reduced by one-half if the minor stepchildren Chad Dwayne Giddens and Miranda Shay Spaulding receive benefits.
25. While there were discussions of having Tamatha Garcia appointed as the guardian ad litem for all the minor children in the October 5, 2004 letter, a Form 42 Application forAppointment of Guardian Ad Litem was never filed in this matter. As no Form 42 or other Motion was ever submitted to the Commission, no Order was entered by the Commission, and the minor children never had a guardian ad litem appointed to protect their interests.
26. A written motion to have Tamatha Garcia appointed the "natural guardian" of the children was filed but not ruled upon by the Commission. Furthermore, a natural guardian is not a guardian adlitem and does not serve the same purpose.
27. On March 22, 2005, pursuant to a Workers' Compensation Rules of the Industrial Commission, Rule 409 (6)(a) request, then Chief Deputy Commissioner Stephen T. Gheen filed an Opinion and Award providing death benefits to decedent's wife Tamatha Garcia in a lump sum payment of death benefits of $25,000.00 and thereafter $72.58 weekly for her lifetime due her disability. The Opinion and Award also awarded death benefits at a rate of $72.58 weekly, to be *Page 9 
paid on a monthly basis, to Chad Dwayne Giddens, decedent's stepson, for 400 weeks, to be paid to his mother and natural guardian until the age of majority; to Miranda Shay Spaulding, decedent's stepdaughter, for 400 weeks, to be paid to her mother and natural guardian until the age of majority; and to Joseph Armando Garcia, decedent's minor natural child, for 400 weeks or until his eighteenth birthday, whichever is longer. Defendants received a credit for any weekly death benefits paid prior to the filing of the Opinion and Award. Defendants were also ordered to pay $3,500.00 in burial expenses.
28. Defendants and plaintiff, Tamatha Giddens Garcia, consented to the beneficiaries and amount of benefits awarded in the March 22, 2005 Opinion and Award issued by Deputy Commissioner Gheen. Indeed, their consent agreement was the basis of the request, pursuant to Rule 409 (6)(a) Workers' Compensation Rules of the Industrial Commission, to have an Opinion and Award entered for these beneficiaries in these amounts.
29. A Supplemental Opinion and Award was filed by Deputy Commissioner Gheen on December 7, 2006 awarding Chad Dwayne Giddens a lump sum payment of $9,867.10 representing the amount of remaining death benefits owed to him. Chad Dwayne Giddens reached the age of eighteen on April 8, 2005.
30. On May 24, 2007, an Opinion and Award was filed by Deputy Commissioner Chrystal Redding Stanback, awarding a lump sum payment of the remainder of death benefits to be paid to Miranda Shay Spaulding. Miranda Shay Spaulding reached the age of eighteen on November 28, 2006.
31. None of the Opinion and Awards filed in this matter were appealed with 15 days of notice of said Opinion and Awards, as required by N.C. Gen. Stat. § 97-85. Plaintiff's Motion to *Page 10 
Set Aside Opinion and Awards was filed April 11, 2008. Plaintiff filed a Form 33 seeking to set aside the prior Opinion and Awards on May 28, 2008.
32. Defendants have paid all benefits as directed by the Opinion and Awards issued in this matter prior to the Interlocutory Opinion and Award issued by Chief Deputy Commissioner Taylor on August 13, 2009. The Interlocutory Opinion and Award denied plaintiff's motion to set aside the March 22, 2005 Opinion and Award and subsequent Opinion and Awards.
33. In Chief Deputy Commissioner Taylor's Interlocutory Opinion and Award, attorney N. Victor Farah was approved as the guardianad litem for the minor child Joseph Armando Garcia. Further, it was Ordered that as the guardian ad litem, Mr. Farah should review the record in this matter and inform Chief Deputy Commissioner Taylor in writing whether he would agree to have the minor child's benefits determined on the record or whether a new hearing was requested.
34. By written correspondence dated March 30, 2010, Mr. Farah, as guardian ad litem for the minor child Joseph Armando Garcia, stipulated that Chief Deputy Commissioner Taylor could determine the rights of the minor child based upon the evidentiary record, with the exception that the minor child, through his guardian adlitem, wished to reserve the right to an evidentiary hearing on the issue of a 10% penalty pursuant to N.C. Gen. Stat. § 97-12 for an alleged safety violation.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 11 
1. Decedent sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer which resulted in his death on September 16, 2004. N.C. Gen. Stat. § 97-2(6). Decedent earned an average weekly wage of $504.12, yielding a compensation rate of $336.10. N.C. Gen. Stat. § 97-2(5).
2. At the time of his death, decedent was survived by his wife, Tamatha Giddens Garcia, and his minor son, Joseph Armando Garcia, born December 23, 2003. N.C. Gen. Stat. §§ 97-38 and 97-39.
3. Plaintiff Tamatha Giddens Garcia seeks to have the March 22, 2005 Opinion and Award set aside due to her contention that she and the minor child Joseph Armando Garcia received a smaller share of the death benefits than those to which they were entitled pursuant to N.C. Gen. Stat. §§ 97-38 and 97-39.
4. Defendants and plaintiff Tamatha Giddens Garcia consented to the beneficiaries and amount of benefits awarded in the March 22, 2005 Opinion and Award issued by Deputy Commissioner Gheen. Indeed, that consent agreement was the basis of the request, pursuant to Rule 409 (6)(a) Workers' Compensation Rules of the Industrial Commission, to have an Opinion and Award entered for these beneficiaries in these amounts.
5. At the time of the entry of the March 22, 2005 Opinion and Award, a clear conflict existed between the interests of the minor natural child of decedent, Joseph Armando Garcia, and the minor stepchildren of decedent, Chad Dwayne Giddens and Miranda Shay Spaulding. The minor natural child and the minor stepchildren could not be represented by the same attorney or by the same guardianad litem.
6. Tamatha Gidden Garcia's Motion to Set Aside the March 22, 2005 Opinion and Award which established dependency was filed April 11, 2008, which was more than one year *Page 12 
after the Order was entered. Therefore, pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, the motion was not timely filed. Id. Additionally, none of the Opinion and Awards filed in this matter were appealed with 15 days of notice of said Opinion and Awards, as required by N.C. Gen. Stat. § 97-85.
7. At the time of the entry of the Opinion and Award, Tamatha Giddens Garcia had the opportunity to obtain counsel as she desired. Ms. Garcia did not seek counsel following entry of the March 22, 2005 Opinion and Award for more than three years.
8. The two minor stepchildren, Chad Dwayne Giddens and Miranda Shay Spaulding, although minors at the time of the entry of the March 22, 2005 Opinion and Award, received the most beneficient remedy to which they may have been entitled under the terms of N.C. Gen. Stat. §§ 97-38 and 97-39.
9. Defendants are not entitled to any credit for the death benefits paid to Chad Dwayne Giddens and Miranda Shay Spaulding, since these benefits were paid pursuant to the Opinion and Awards and were due and payable when made. N.C. Gen. Stat. § 97-42.
10. No guardian ad litem was ever appointed for any of the minors in this matter, in violation of Rules 409(2)(b) and 604 of the Workers' Compensation Rules of the Industrial Commission. If a guardian ad litem had been appointed, as a result of the conflict of interest between the natural child and the stepchildren, a separate guardian ad litem would have been required for the natural child and the stepchildren.
11. The conflict between the interests of the minor natural child Joseph Armando Garcia and the minor stepchildren Chad Dwayne Giddens and Miranda Shay Spaulding existed at all times and should have been apparent to defendants and/or defense counsel, as should the necessity for the appointment of guardians ad litem. *Page 13 
12. A minor child, pursuant to N.C. Gen. Stat. § 97-50, is not held to any limitation of time set forth in the Workers' Compensation Act as long as he has no guardian. No guardian or guardian ad litem had been appointed for Joseph Armando Garcia at the time of the entry of the March 22, 2005 Opinion and Award. Therefore, the minor child Joseph Armando Garcia is not barred from seeking to have the Opinion and Award set aside as to his portion of the death benefits and is not bound by the death benefits awarded him in the Opinion and Award.
13. The minor natural child Joseph Armando Garcia is the only party who may seek relief from or to set aside the March 22, 2005 Opinion and Award and subsequent Opinion and Awards as he is not held to time limitations, did not have a properly appointed guardian ad litem and because there was a conflict of interest between him and the minor stepchildren Chad Dwayne Giddens and Miranda Shay Spaulding.
14. The minor child Joseph Armando Garcia is entitled to payment by defendants of weekly compensation at the rate of $168.05 beginning September 16, 2004 and continuing until he reaches his eighteenth birthday. N.C. Gen. Stat. § 97-38. Defendants are entitled to a credit for benefits already paid to the minor child Joseph Armando Garcia.
15. The minor child Joseph Armando Garcia is entitled to payment by defendants for the underpayment of $84.02 per week for the period from September 16, 2004 until the correct amount of $168.05 is being paid. This amount has accrued and shall be paid in a lump sum.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 14 
1. The motion of Tamatha Giddens Garcia to set aside the March 22, 2005 Opinion and Award entered by Deputy Commissioner Stephen T. Gheen which named the beneficiaries of decedent and the benefits to which they are entitled, as well as subsequent Opinion and Awards, is DENIED.
2. IT IS HEREBY ORDERED that the March 22, 2005 Opinion and Award is not binding upon the minor child Joseph Armando Garcia as to the amount of benefits to which he is entitled.
3. Attorney N. Victor Farah is hereby APPROVED and APPOINTED guardian ad litem for the minor child Joseph Armando Garcia. Upon submission of a statement by Mr. Farah for services rendered as guardian ad litem, the Commission shall issue an Order for payment by defendants.
4. Subject to a credit for the weekly death benefits already paid for the minor child, defendants shall pay to Tamatha Giddens Garcia, the mother and natural guardian of the minor child Joseph Armando Garcia, weekly compensation, for the use and support of said minor child, at the rate of $168.05, beginning September 16, 2004 and continuing until his eighteenth birthday.
5. Defendants shall pay to Tamatha Giddens Garcia, the mother and general guardian of the minor child Joseph Armando Garcia, for the use and support of said minor child, a lump sum for the underpayment of benefits in the amount of $84.02 per week beginning September 16, 2004 until the correctly weekly amount is being paid by defendants.
6. Mr. Farah, as guardian ad litem for the minor child Joseph Armando Garcia, may file a Form 33 Request for Hearing, if, in his opinion, the issue of a 10% penalty pursuant to N.C. Gen. Stat. § 97-12 for an alleged safety violation should be pursued and cannot be resolved among *Page 15 
the parties. The issue of whether or not such a penalty is payable is RESERVED for future determination.
7. Defendants shall pay the costs.
This 30th day of December, 2010.
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ PAMELA T. YOUNG CHAIR
 S/________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1